IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-16,351-09




EX PARTE ALONZO DIEGO FULLER, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 12265-F IN THE 35TH DISTRICT COURT
FROM BROWN COUNTY




            Per curiam.
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to ninety-nine years’ imprisonment. The conviction and sentence were
affirmed on direct appeal, and Applicant’s petition for discretionary review was refused by this
Court. Fuller v. State, No. 11-91-00276-CR (Tex. App.— Eastland May 20, 1993, PD-0901-93
ref’d). Applicant’s initial writ application challenging the conviction was denied by this Court in
1994, and his four writ applications filed since then were dismissed as subsequent between 2000 and
2007. See Ex parte Fuller, Nos. 16,351-04, -05, -06, -07, -08 (Tex. Crim. App.); Tex. Crim. Proc.
art. 11.07 § 4. Applicant filed the current fifth subsequent writ application in the trial court in 2013.
             First, Applicant complains about physical evidence that was not presented at his trial,
specifically a washcloth used by the victim for cleaning after the sexual assault occurred and the
different panties she wore during the assault and after. It appears this and other evidence was
together in a box that was sent to a DPS crime lab for analysis, which was completed, but the box
was misplaced before trial and later returned by DPS to the investigating police agency after
Applicant’s trial had ended. Applicant states that he did not learn of the evidence in the misplaced
box or its handling before filing his initial or subsequent writ applications, so he argues consideration
of his claims based on this evidence in the current application should not be barred by the abuse of
writ doctrine. See Tex. Code Crim. Proc. art. 11.07 § 4(a)(1). After reviewing the documents
Applicant includes with his habeas application, this Court agrees that Applicant’s claims based on
the evidence in the misplaced box are newly available to him, so they are not barred as subsequent.
Even so, Applicant has not demonstrated that he is entitled to habeas relief based on this evidence.
            According to the DPS lab report, a seminal fluid component was detected on the washcloth
but no specific protein was present, so the presence of seminal fluid could not be confirmed. No
seminal fluid was found on the panties or the other items in the misplaced box (a night gown, a
pillow case, a bed sheet, and a blanket). The evidence, as tested in 1991, is not exculpatory and does
not show that Applicant, by clear and convincing evidence, did not commit the sexual assault. See
Ex parte Elizondo, 947 S.W.2d 202, 205 (Tex. Crim. App. 1996); Schlup v. Delo, 513 U.S. 298
(1995). Also, because the testing in 1991 did not reveal the presence of any seminal fluid or other
fluid on the items in the misplaced box, the evidence had little, if any, inculpatory or exculpatory
value, so their exclusion as evidence at Applicant’s 1991 trial does not undermine confidence in the
jury’s guilty verdict. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Applicant’s habeas
claims based on the evidence in the misplaced box as it was tested in 1991 are denied.
            Applicant further complains that the evidence in the misplaced box was available for testing
during his 2002 Chapter 64 DNA proceeding, which did not result favorably for Applicant, because
DPS had returned it, but it was secreted or improperly stored or destroyed by the police agency that
received it, the prosecution, or another State agent. He further claims that new testing techniques can
be used on the evidence in the misplaced box since the analysis was initially performed on it in 1991.
He asks this Court to order the State to locate the misplaced box of evidence and have its contents
tested. The issue is not properly before this Court in an Article 11.07 habeas application. See Tex.
Code Crim. Proc. art. 11.07 §§ 1-3; Ex parte Alba, 256 S.W.3d 682, 685 (Tex. Crim. App. 2008).
The proper procedure to raise these claims is another Chapter 64 DNA motion in the trial court. See
Routier v. State, 273 S.W.3d 241 (Tex. Crim. App. 2008); State v. Holloway, 360 S.W.3d 480 (Tex.
Crim. App. 2012); Tex. Code Crim. Proc. art. 64. These claims are therefore denied as not
cognizable in a habeas application. 
            Second, Applicant complains about testimony given at his trial by serologist Fred Zain. This
Court is aware of the problems that have arisen from Zain’s testimony in other trials. See, e.g.,
Matter of Investigation of West Virginia State Police Crime Laboratory, Serology Div., 438 S.E.2d
501 (W.Va.,1993); Ex parte Davis, 957 S.W.2d 9 (Tex. Crim. App. 1997). Nonetheless, Applicant
should have raised his claim concerning Zain’s testimony in a prior writ application because it is not
based on any newly obtained evidence. The claim is therefore barred as subsequent. Tex. Code
Crim. Proc. art. 11.07 § 4. Even if the claim were not barred, Applicant fails to show in his habeas
application that Zain’s trial testimony was false or misleading as alleged.
            Third, Applicant complains that the State failed to preserve biological material so that further
DNA testing could be performed on it. The claim is not appropriate in an Article 11.07 habeas
proceeding. See Tex. Code Crim. Proc. art. 11.07 §§ 1-3; Ex parte Alba, 256 S.W.3d at 685.
Further, the material introduced as evidence at trial was later properly destroyed by the district clerk
according to the appeal in the Chapter 64 proceeding, see Fuller v. State, No. 11-03-00093-CR (Tex.
App.—Eastland Oct. 13, 2005), and Applicant fails to show that the evidence in the misplaced box
has been improperly stored or destroyed, which would be an issue at a Chapter 64 DNA proceeding.
To the extent the claim refers to the evidence destroyed by the district clerk, it is dismissed as
subsequent; to the extent the claim refers to the evidence in the misplaced box, it is denied as not
cognizable in habeas.
            Based on this Court’s independent review of the habeas record, this subsequent writ
application is dismissed in part and denied in part as discussed above. In addition to the parties and
the trial court, copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.
 
Filed: April 2, 2014
Do not publish